J-S12041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN QUEBEDO | : | |
| | : | |
| Appellant | : | No. 1412 EDA 2023 |

Appeal from the Judgment of Sentence Entered February 10, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0000879-2021

BEFORE:    DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                   **FILED MAY 9, 2024**

John Quebedo (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of carrying a firearm without a license and carrying a firearm in public in Philadelphia.[1]  We affirm.

The trial court summarized the underlying facts as follows:

> On November 22, 2020, Officer James Robertson ("Officer Robertson") was on patrol when he received a dispatch call regarding a male slumped over the steering wheel of a vehicle parked at the southeast corner of 12th and Dickinson Streets. Notes of Testimony ("N.T.")[,] 12/6/2021[,] at 11-12.  Upon arrival at  the location[,] Officer Robertson saw the car matching the dispatch information [and] "noticed that there was air coming from the muffler ... and ... the brake lights were on." *Id.* at 13. Upon approach[,] he saw … Appellant leaning forward over the steering wheel, his eyes closed, [and] the vehicle's gear was in "drive" with Appellant's foot on the brake. *Id.*  Officer Robertson initially tapped on the window with his flashlight "a couple of times" to get Appellant's attention and "see if he was okay[,]" but there was no response.  *Id.*  He further attempted to awaken

---

[1] 18 Pa.C.S. §§ 6106(a)(1) and 6108.

Appellant by yelling and banging on the windows of the vehicle until [Appellant] finally responded and lowered the windows of the car. ***Id.*** at 14-15. From the passenger side window, the [o]fficer observed the handle of [a] handgun beneath Appellant's right leg and the seat. ***Id.*** at 16. Upon observing the firearm, Officer Robertson ordered … Appellant out of the car and placed him into custody. The firearm … was recovered [from] the vehicle. ***Id***. at 17.

Trial Court Opinion (TCO), 9/6/23, at 2.

The Commonwealth charged Appellant with the aforementioned offenses, as well as receiving stolen property and persons not to possess firearms.[2] After conducting a non-jury trial on December 6, 2021, the trial court convicted Appellant of carrying a firearm without a license and carrying a firearm in public in Philadelphia. On February 10, 2022, the trial court sentenced Appellant to an aggregate 5 to 10 years of incarceration.

Appellant did not file post-sentence motions or a direct appeal, but requested the reinstatement of those rights in a petition he filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46. The Commonwealth did not object, and the trial court granted the request. ***See*** N.T., 1/3/23, at 3-5; TCO at 1.[3]

_____

[2] The Commonwealth withdrew the charge for receiving stolen property, 18 Pa.C.S. § 3925, and the trial court acquitted Appellant of persons not to possess firearms, 18 Pa.C.S. § 6105. N.T., 12/6/21, at 3, 70.

[3] At the PCRA hearing, the court specified that "[p]ost-sentence motions will be reinstated, as well." N.T., 1/3/23, at 5. However, the court did not address post-sentence rights when it entered the order. Order, 1/3/23 (single page) (stating that appellate rights were reinstated *nunc pro tunc* and advising Appellant he had 30 days to appeal). This Court has found a breakdown occurs when a court misadvises an appellant about appeal rights. ***See***
*(Footnote Continued Next Page)*

- 2 -

On January 10, 2023, Appellant filed a post-sentence motion challenging the weight of the evidence. *See* Pa.R.Crim.P. 607. The motion was denied by operation of law. Order, 5/10/23. Appellant subsequently filed a timely notice of appeal and Pa.R.A.P. 1925(b) concise statement.

Appellant presents the following question for review:

> Whether the trial court erred when it denied Appellant's Post-Sentence Motion [claiming] the guilty verdict was against the weight of the evidence because [Appellant] was asleep in a parked car that did not belong to him and the police found a gun that was not registered to him.

Appellant's Brief at 6.

Appellant challenges the weight of the evidence. Therefore, Appellant "concedes that sufficient evidence exists to sustain the verdict[,] but questions which evidence is to be believed." *Commonwealth v. Thompson*, 106 A.3d 742, 758 (Pa. Super. 2014). We have explained:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witness. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the [trial] court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather,

_____

*Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007). Such breakdown may excuse an untimely filed notice of appeal. *Id.* at 499. Here, we deem this appeal to be timely because a breakdown occurred when the court failed to include language about post-sentence motions in its order. *See*, N.T., 1/3/23, at 5; *see also* TCO at 1.

appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Dixon***, 276 A.3d 800, 802 (Pa. Super. 2022) (citation omitted).

"Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence." ***Commonwealth v. Talbert***, 129 A.3d 536, 546 (Pa. Super. 2015) (citation omitted). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence." ***Id.***

To convict Appellant of carrying a firearm without a license, the Commonwealth had to prove Appellant "carrie[d] a firearm in any vehicle" or "carrie[d] a firearm concealed on or about his person … without a valid and lawfully issued license." 18 Pa.C.S. § 6106(a). To convict Appellant of carrying a firearm in public in Philadelphia, the Commonwealth had to prove Appellant carried a firearm "at any time on the public streets of Philadelphia without a license." 18 Pa.C.S. § 6108.

Appellant admitted he did not have a license to carry a firearm. N.T., 12/6/21, at 41; ***see also id.*** at 40 (Commonwealth presenting certificate of non-licensure as Exhibit 3). In addition, the parties stipulated that the firearm recovered from the car was an operable "Beretta model PX4 Storm 9mm

Luger." *Id.* at 39 (Commonwealth presenting firearm examiner's report as Exhibit 2). Appellant does not dispute these facts. Appellant's argument is that "facts demonstrating [Appellant] was unaware of the gun at issue are clearly of greater weight that to ignore them or to give them equal weight with all facts is to deny justice." Appellant's Brief at 10.

Appellant emphasizes he was asleep when police found him "in a stationary car," and neither the car nor the handgun were registered to him. *Id.* at 10-11. Appellant stresses that he and Officer Robertson both "testified that [Appellant] was passed out as the result of fentanyl…." *Id.* at 13. Appellant maintains he "was high at the time of the police interaction and did not have knowledge of his surroundings." *Id.* at 14. Further,

> [Appellant] explained that he had ingested fentanyl and was asleep or passed out and therefore unaware of the handgun next to him in the car. [Appellant] testified that before he fell asleep, he had been fixing a car radio for a woman named Taylor and her "sugar daddy" John. Significantly, the gun at issue is registered to a man named John.

*Id.* at 16.

According to Appellant, "the main inconsistency between the officer's testimony and [Appellant's] testimony is whether [Appellant] was aware of the gun in the car." *Id.* at 13. Appellant claims "[b]ecause both parties testified [Appellant] was passed out as the result of fentanyl, [Appellant's] testimony that he was unaware of the handgun should be given greater weight under the circumstances." *Id.*

The Commonwealth responds that the "evidence overwhelmingly led to the logical conclusion that [Appellant] was aware of the illegal gun and it was under his control." Commonwealth's Brief at 5. Our review reveals no abuse of discretion by the trial court.

Two witnesses testified at trial: Philadelphia Police Officer James Robertson and Appellant.

Officer Robinson stated that he "walked up on the passenger side of the vehicle and [] observed [Appellant] leaning forward over the steering wheel with his eyes closed." N.T., 12/6/21, at 13. Officer Robertson began "banging on the window and yelling into the car for [Appellant] to wake up." *Id.* The officer explained:

> Once [Appellant] woke up he spent a few seconds staring forward. He did look over at m[e,] then looked to the front of the vehicle again. I continued to bang on the window and say, Hey, are you okay, what is going on here, to which I got no response from him, [he] just continued looking around. Eventually I was able to get him to put his windows down so I could talk to him without the barrier of the window in the way.
>
> ***
>
> [O]nce [Appellant's] windows were down I told him to put the vehicle in park. I was concerned about him not realizing that he was in drive and I didn't want his foot to slip off the brake pedal to either injure myself or my partner or slide forward and hit the vehicle in front of him which he was able to do. And when he had done that and moved his foot off of the brake adjusting his seat, I observed a handgun underneath his right leg between his leg and the seat itself.

*Id.* at 15-16. Officer Robertson described the gun as "underneath [Appellant's] leg, but on the seat. So it was like sandwiched between his leg and the top of the seat." *Id.* at 16.

After Officer Robertson testified, Appellant's counsel motioned for a judgment of acquittal. *Id.* at 40-41. Counsel asserted that the Commonwealth "established [Appellant] didn't have a license to carry, but other than that they haven't established anything else." *Id.* at 41. The trial court denied the motion on the basis that there was "enough evidence certainly for a fact finder to consider on all charges." *Id.* at 42.

Appellant testified next. He explained that the car where Officer Robertson found him belonged to Appellant's friend, "Taylor." *Id.* at 46-48. Appellant stated there "was something wrong with [the car's] brakes," and he stayed in the car while Taylor and her boyfriend "went to get brake fluid." *Id.* at 48-49. According to Appellant, he had ingested fentanyl and was "extremely high" at the time. *Id.* at 48, 50. Appellant repeatedly denied knowing there was a gun in the car. *Id.* at 50.

The trial court did not find Appellant credible. As the trial court explained:

> Appellant's arguments denying ownership of the firearm and vehicle are immaterial to the factual circumstances and applicable law; he was the sole occupant behind the wheel of a running vehicle, seated directly upon a firearm[,] and did not have a license to carry on a Philadelphia public street. The vehicle location, Appellant's position, and proximity to the firearm, establish Appellant's "knowledge of the existence of the firearm" as well as his intent and power to control it. The evidence demonstrates "a nexus between the accused and the item

- 7 -

sufficient to infer that the accused had the power and intent to exercise dominion and control over it." ***Commonwealth v. Peters***, 218 A.3d 1206, 1209 (Pa. 2019).

TCO at 4-5.

The trial court concluded "there is no merit to Appellant's challenge to the weight of the evidence," because the verdict "was not so contrary to the evidence as to shock one's sense of justice." ***Id.*** at 5 (citing ***Commonwealth v. Brown***, 648 A.2d 1177, 1189 (Pa. 1994)). Appellant essentially argues that he was an innocent bystander. The trial court's discussion of the legal elements of constructive possession explains why the court, as fact-finder, rejected Appellant's contention. We cannot conclude "the trial court palpably abused its discretion" in denying Appellant's weight claim. ***Dixon***, ***supra***. Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/09/2024